UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

JANET MADRUGA,

       Plaintiff,

v.

ORLANDO INFECTIOUS DISEASE
CONSULTANCY SERVICES, P.L.,
MARIAM ESAT, individually,
and RIAZ KHATTAK, individually,

       Defendants.

CASE NO.:

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JANET MADRUGA ("MS. MADRUGA" or "Plaintiff"), by and through undersigned counsel, and files this complaint against Defendants, ORLANDO INFECTIOUS DISEASE CONSULTANCY SERVICES, P.L. ("OIDCS"), MARIAM ESAT, and RIAZ KHATTAK (collectively "Defendants") as follows:

## INTRODUCTION

1. MS. MADRUGA brings this cause of action for unpaid overtime wages pursuant 29 U.S.C. §207, the overtime provisions of the Federal Fair Labor Standards Act ("FLSA"), for FLSA retaliation pursuant to 29 U.S.C. §215(a)(3), and for a violation of Florida Statute §448.102, otherwise known as Florida's Whistleblower Act.

2. FLSA violations, and unlawful wage practices in general, effect the entire community. This is because the "exploitation of a class of workers who are in an unequal

1

position with respect to bargaining power [who are] relatively defenceless against the denial of a living wage, is not only detrimental to *their* health and wellbeing, but casts a direct burden for their support *upon the community*. What these workers lose in wages, the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J)(emphasis added).

3. Defendants violated MS. MADRUGA'S rights and then terminated her employment after she complained about the violations.

4. MS. MADRUGA retained LaBar & Adams, P.A. to represent her in this matter and has agreed to pay a reasonable attorney's fee for its services.

## PRELIMINARY MATTERS

5. This Court has jurisdiction to hear this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in counties which the Orlando Division of the Middle District of Florida encompasses.

7. Unless otherwise stated, all paragraphs contained herein temporally refer to the subject time period of MS. MADRUGA'S employment.

## THE PARTIES

8. Defendant, OIDCS, is a Florida for-profit corporation with its principal place of business located in Osceola County, Florida.

9. OIDCS operates and conducts business as an infection disease medical consulting service.

10. OIDCS' corporate structure consists of only two individuals, MARIAM ESAT and RIAZ KHATTAK.

11. MARIAM ESAT and RIAZ KHATTAK wholly own OIDCS.

12. MARIAM ESAT is an officer of OIDCS.

13. MARIAM ESAT is involved in the day-to-day operation of OIDCS.

14. MARIAM ESAT guides the company policies of OIDCS.

15. MARIAM ESAT actively engages in the management, supervision, and oversight of OIDCS.

16. MARIAM ESAT controls the financial affairs of OIDCS.

17. MARIAM ESAT can authorize OIDCS's compliance with the FLSA and other laws.

18. MARIAM ESAT acts directly or indirectly in the interest of OIDCS in relation to its employees and is substantially in control of the terms and conditions of the employees' work.

19. RIAZ KHATTAK is an officer of OIDCS.

20. RIAZ KHATTAK is involved in the day-to-day operation of OIDCS.

21. RIAZ KHATTAK guides the company policies of OIDCS.

22. RIAZ KHATTAK actively engages in the management, supervision, and oversight of OIDCS.

23. RIAZ KHATTAK controls the financial affairs of OIDCS.

24. RIAZ KHATTAK can authorize OIDCS's compliance with the FLSA and other laws.

25. RIAZ KHATTAK acts directly or indirectly in the interest of OIDCS in relation to its employees and is substantially in control of the terms and conditions of the employees' work.

26. MS. MADRUGA was an individual employed by OIDCS, MARIAM ESAT, and RIAZ KHATTACK.

## STATEMENT OF FACTS

27. MS. MADRUGA'S employment with OIDCS began on or about March, 2017 and ended on October 31, 2018.

28. MS. MADRUGA was compensated on an hourly rate basis at or near minimum wage.

29. MS. MADRUGA'S job duties consisted of assisting staff with patients, helping with scheduling, interacting with insurance carriers, running personal errands for MARIAM ESAT and RIAZ KHATTAK, answering the front desk phones, refilling supplies, training other staff members, and other general office duties.

30. In performance of her various tasks, MS. MADRUGA was regularly and routinely required to work longer than 40 hours per week.

31. MS. MADRUGA asked that she be compensated for her weekly hours worked over 40 at the applicable overtime rate.

32. The Defendants refused to pay MS. MADRUGA an overtime rate for hours spent working over 40 in any given workweek.

33. MS. MADRUGA complained directly to MARIAM ESAT and RIAZ KHATTACK about the failure to compensate for overtime hours.

34. After she complained about the failure to compensate for overtime hours, MS. MADRUGA'S employment was terminated.

## COUNT I
## FLSA OVERTIME CLAIM

35. MS. MADRUGA incorporates paragraphs 1-34 as alleged herein.

36. OIDCS is an employer as defined by 29 U.S.C. §203(d).

37. MARIAM ESAT is a statutory employer as defined by 29 U.S.C. §203(d).

38. As an employer, MARIAM ESAT is obligated to comply with the FLSA, and is individually or personally liable for any FLSA violations.

39. RIAZ KHATTAK is a statutory employer as defined by 29 U.S.C. §203(d).

40. As an employer, RIAZ KHATTAK is obligated to comply with the FLSA, and is individually or personally liable for FLSA violations.

41. OIDCS has employees subject to the provisions of 29 U.S.C. § 207 of the FLSA.

42. OIDCS employed two or more persons who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

43. OIDCS is an enterprise whose annual gross volume of sales made or business done is not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

44. OIDCS is an enterprise covered by the FLSA.

5

45. MS. MADRUGA regularly used the instrumentalities of interstate commerce while performing her work for the Defendants.

46. MS. MADRUGA also regularly used the channels of commerce while performing her work for the Defendants.

47. At all times of her employment, MS. MADRUGA was a non-exempt employee entitled to the protections guaranteed by the FLSA.

48. Pursuant to the FLSA, non-exempt employees shall be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which they are employed.

49. However, in the last three years, MS. MADRUGA worked numerous weeks in excess of 40 hours per week, yet was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

50. In addition to the foregoing, MS. MADRUGA also worked numerous weeks in which she was not paid time-and-a-half for each overtime hour worked because she worked in the evenings, after a full day's work.

51. Defendants had knowledge that MS. MADRUGA worked more than 40 hours per week.

52. Defendants did not make a good faith effort to determine if MS. MADRUGA was compensated lawfully pursuant to the FLSA.

53. Defendants did not maintain and keep accurate time records as required by the FLSA. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

54. Defendants did not post the required notice pursuant to the FLSA.

55. Defendant's compensation practices are in willful disregard of the FLSA rights of MS. MADRUGA.

56. Defendants repeatedly and willfully violated the FLSA by failing to compensate MS. MADRUGA at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than 40 hours.

WHEREFORE, MS. MADRUGA demands judgment, jointly and severally, against OIDCS, MARIAM ESAT, and RIAZ KHATTACK for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

MS. MADRUGA demands a jury trial on all issues contained in Count I.

### COUNT II
### RETALIATION PURSUANT TO THE FLSA

57. MS. MADRUGA re-alleges and incorporates herein the allegations contained in paragraphs 1 through 56 above.

58. MS. MADRUGA was at all times material hereto qualified for the employment position she performed for the Defendants.

59. MARIAM ESAT refused to comply with the FLSA.

60. RIAZ KHATTAK refused to comply with the FLSA.

61. In late October, 2018, MS. MADRUGA complained about the FLSA violations to MARIAM ESAT.

62. In late October, 2018, MS. MADRUGA complained about the FLSA violations to RIAZ KHATTAK.

63. Immediately after complaining about the FLSA violations, MS. MADRUGA's employment was terminated.

64. MS. MADRUGA's employment was involuntarily terminated for complaining about FLSA violations.

65. MS. MADRUGA was retaliated against, in violation of 29 U.S.C. § 215(a)(3), for opposing the unlawful employment practices described herein.

WHEREFORE, MS. MADRUGA demands judgment, jointly and severally, against OIDCS, MARIAM ESAT, and RIAZ KHATTACK for the following:

(a) Lost wages, including lost fringe benefits, which resulted from the illegal retaliation;

(b) Compensatory damages, including pain and suffering, and front pay;

(c) Liquidated Damages;

(d) Punitive Damages;

(e) Pre-judgment and post-judgment interest;

(f) A reasonable attorney's fee and costs; and

(g) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained in Count II.

## COUNT III
## FLORIDA'S WHISTLEBLOWER ACT

66. MS. MADRUGA incorporates paragraphs 1-34 as alleged herein.

67. Florida's Whistleblower Act ("FWA") was enacted to protect private employees who refuse to assist employers who violate laws enacted to protect the public. *Arrow Air v. Walsh*, 645 So. 2d 422, 422 (Fla. 1994).

68. MS. MADRUGA is an employee as defined by the FWA. F.S. §448.101(2).

69. OIDCS is an employer as defined by the FWA. F.S. §448.101(3).

70. According to the FWA, an employer may not take any retaliatory personnel action against an employee because the employee objected to, or refused to participate in any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. F.S. §448.102(3).

71. The FWA's definition of "law, rule, or regulation" includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business. F.S. §448.101(4).

72. Because, Defendants conduct business in Osceola County and profit greatly from its citizens, Defendants are subject to the ordinances of Osceola County Board of County Commissioners ("Osceola County").

73. According to Osceola County, "[w]age theft, which is the non-payment or under payment of earned wages, is a significant problem in the County." Osceola County Ordinance Ch. 25, Sec. 25-1(a) (2015).

74. To prevent this significant problem, Osceola County has enacted "Wage Theft" laws which make it unlawful for any employer to fail to pay any portion of wages due to an employee. Osceola County Ordinance Ch. 25, Sec. 25-3(a) (2015).

75. Pursuant to Osceola County's Wage Theft ordinance, MS. MADRUGA is an employee of OIDCS and OIDCS is an employer of MS. MADRUGA.

76. MS. MADRUGA objected to participating in OIDCS' practices that violated Osceola County's Wage Theft ordinances.

77. When MS. MADRUGA objected to OIDCS's violation of Osceola County's Wage Theft ordinances, she enjoyed rights and was protected by the FWA.

78. OIDCS violated the FWA by taking an adverse personnel action against MS. MADRUGA because she objected to or refused to participate in practices which violated Osceola County's Wage Theft ordinances.

79. OIDCS violated the FWA by taking an adverse personnel action against MS. MADRUGA because she objected or refused to participate in a practice that she reasonably believed violated Osceola County's Wage Theft ordinances.

80. OIDCS' retaliation against MS. MADRUGA was done willfully, maliciously and in utter disregard to her rights as an employee.

81. As a result of her discharge, MS. MADRUGA has and continues to suffer damages.

WHEREFORE, MS. MADRUGA demands judgment against OIDCS for the following relief:

- A) Compensation for wages, benefits and other remuneration lost in the past, present, and future;

- B) Compensatory damages and other damages allowable at law;

- C) Reasonable attorney's fees and costs; and

- D) For such other and further relief as the court deems just and proper.

Dated: February 25, 2019

Respectfully submitted,

_____
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)